UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES ROCHESTER,

                    Plaintiff,

            -against-

ZACHARY CARTER; N.Y.C.; N.Y.C.
CORPORATION; JOHN DOE COUNSEL;
CIVIL BRONX SUPREME COURT
ADMINISTRATIVE JUDGES; MITCHELL
DANZIGER; MARNI WEINER; YANDY
REYES; FRANK DELUCIA,

                    Defendants.

1:20-CV-3427 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

 Plaintiff Charles Rochester, who appears *pro se*, brings this action asserting claims under

42 U.S.C. §§ 1983 and 1985, 18 U.S.C. § 241, and N.Y. Judiciary Law § 487. He seeks damages

and injunctive relief. He sues (1) Zachary Carter, the former Corporation Counsel of the City of

New York, (2) the City of New York, (3) the Office of Corporation Counsel of the City of New

York, (4) an unidentified "John Doe" Assistant Corporation Counsel, (5) the Administrative

Judges of the New York State Supreme Court, Bronx County ("Administrative Judges"),

(6) Justice Mitchell Danziger of the New York State Supreme Court, Bronx County, (7) Marni

Weiner, an Assistant Corporation Counsel, (8) Yandy Reyes, an "Attorney for [the] City of New

York" (ECF 2, at 5),[1] and (9) and Frank Delucia, another Assistant Corporation Counsel.[2]

---

 [1]The Court understands Reyes to be an Assistant Corporation Counsel.

 [2] On May 21, 2020, the Court received a 13-page "Certificate of Service" from Plaintiff.
(ECF 4.) The Court construes that document as a supplement to the complaint.

By order dated May 21, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons discussed in this order, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true

2

"[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 678-79.

### BACKGROUND

Plaintiff's claims arise from two *pro se* actions he filed in the New York State Supreme Court, Bronx County: (1) *Rochester v. City of New York*, Index No. 0251498/2016 (N.Y. Sup. Ct., Bronx Cnty.), and (2) *Rochester v. NYPD-FOIL*, Index No. 0260123/2018 (N.Y. Sup. Ct., Bronx Cnty.).[3] Plaintiff does not state his reasons for filing them, but he makes the following allegations about the litigation in those actions: "Defendants conspired, and aided and abetted to violate[] their fiduciary duty. They conspire, assi[s]t, conceal, and failed to enforce the law out of bias [and] favoritism." (ECF 2, at 6.) The defendants have formed a "[c]onspiracy to deprive [Plaintiff of] a federal right to petition the court for redress [and] grievance[s]." (*Id.*) "The state judge [is] not protecting, or respecting [Plaintiff's §] 1983 case . . . by allowing the City Law Department to run the court proceeding and dictate dates of deposition[s], cancel dates of deposition[s] without notice to Plaintiff, violate Supreme [Court] Judge orders without no sanctions multiple times." (*Id.*)

The defendants are "acting in concert to defeat [Plaintiff's §] 1983 claims by concealing [their] unethical behavior by act of letting one side a key to the court door, where City lawyers

---

[3] Plaintiff's complaint and supplement allege that these actions are pending. According to the website of the New York State Unified Court System, http://www.nycourts.gov/home.shtml, *Rochester*, Index No. 0251498/2016, was filed in 2016, and disposed of on May 7, 2020, after Plaintiff filed his complaint in this Court on April 30, 2020. But there is an upcoming appearance scheduled for that action on August 10, 2020. Plaintiff's other state-court action, *Rochester*, Index No. 0260123/2018, was filed in 2018, and disposed of on December 17, 2018. Plaintiff's latest appearance date for that action was March 7, 2019.

don't have to obey court orders, nor [his] . . . discovery [demands] . . . ." (*Id.* at 6-7.) "When the wrong get caught, the case is postpone[d] for months, and a new hearing emerges, and new order to dismiss. Any motion in [his] favor, Defendants block . . . ." (*Id.* at 7.) "[T]he state judges are siding with [the] City Attorneys." (ECF 4, at 12.) The Corporation Counsel of the City of New York has failed "to train, monitor, discipline, report abuse of power by acts of fraud . . . ." (ECF 2, at 8.)

Plaintiff asks this Court to enjoin the Administrative Judges, but he does not specify what he wants this Court to enjoin them from doing. He also asks that the Office of the Corporation Counsel be subjected to training, discipline, and monitoring. He further asks this Court to order state-court judges "to stop letting City lawyers get away with court order violations," and to order state-court judges to impose sanctions for such violations. (*Id.* at 8-9.) He states that he is "not suing any judges, [he is] only want[ing] [an] injunction placed on them to enforce their ow[n] rules." (*Id.* at 9.) In addition, he seeks damages.

## DISCUSSION

### A.     Private prosecution

By invoking 18 U.S.C. § 241, Plaintiff seeks the criminal prosecution of the defendants or others. The Court must dismiss those claims. A private citizen cannot prosecute a criminal action in federal court. *See Leek v. Timmerman*, 454 U.S. 83, 86-87 (1981) (prisoners lack standing to seek the issuance of an arrest warrant); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). And because federal prosecutors possess discretionary authority to bring criminal actions, they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court

dismisses any claims in which Plaintiff seeks the criminal prosecution of the defendants or others for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Judicial immunity**

Plaintiff's claims under 42 U.S.C. § 1983 against Justice Danziger are barred under the doctrine of judicial immunity. Under this doctrine, judges are absolutely immune from suit for claims against them in their individual capacities for damages for any actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Generally, "acts arising out of, or related to, individual cases before [a] judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when a judge acts outside his or her judicial capacity, or when a judge takes action that, although judicial in nature, is taken "in the complete absence of all jurisdiction." *Mireles* 502 U.S. at 11-12; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978). An amendment to § 1983 prohibits injunctive relief against a judge in his or her judicial capacity unless a declaratory decree was violated or declaratory relief is unavailable. *See* § 1983.

Plaintiff's claims against Justice Danziger arise from Justice Danziger's actions and decisions in one of Plaintiff's state-court civil actions while Justice Danziger was presiding over

that action.[4] This conduct is well within the scope of Justice Danziger's duties. Justice Danziger

is therefore immune from suit as to Plaintiff's claims against him under § 1983 under the

doctrine of judicial immunity.[5] Accordingly, the Court dismisses Plaintiff's claims against

Justice Danziger under § 1983 under the doctrine of judicial immunity and as frivolous. *See* 28

U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim

dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in*

*forma pauperis* statute].").

## C.    Government-attorney immunity

The Court must also dismiss Plaintiff claims under § 1983 for damages against former

New York City Corporation Counsel Carter, and against Assistant Corporation Counsels "John

Doe," Weiner, Reyes, and Delucia. Government attorneys are immune from suit under § 1983

for damages "when functioning as an advocate of the state [or local government] in a way that is

intimately associated with the judicial process." *Mangiafico v. Blumenthal*, 471 F.3d 391, 396

(2d Cir. 2006). This immunity applies to government attorneys who perform functions "'that can

fairly be characterized as closely associated with the conduct of litigation or potential litigation'

in civil suits," *id.* (quoting *Barrett v. United States*, 798 F.2d 565, 572 (2d Cir. 1986)), and has

been specifically extended to the New York City Corporation Counsel and to Assistant

Corporation Counsels. *See Johnson v. City of New York*, No. 16-CV-2879, 2019 WL-2393716, at

---

[4] Plaintiff has attached to his complaint a copy of an order dated March 4, 2020, in which Justice Danziger recused himself from *Rochester*, Index No. 0251498/2016. (ECF 2, at 38.)

[5] Judicial immunity precludes Plaintiff's claims under § 1983 for injunctive relief against Justice Danziger. This is so because Plaintiff can appeal Justice Danziger's decisions in the state appellate courts. *See generally Berlin v. Meijias*, No. 15-CV-5308, 2017 WL 4402457, at *4 (E.D.N.Y. Sept. 30, 2017) ("Here, no declaratory decree was violated and declaratory relief is available to plaintiffs through an appeal of the state court judges' decisions in state court."), *appeal dismissed*, No. 17-3589 (2d Cir. Apr. 18, 2018) (effective May 18, 2018).

*4 (E.D.N.Y. June 6, 2019); *O'Callaghan v. City of New York*, No. 16-CV-1139, 2016 WL-7177509, at *11 (S.D.N.Y. Dec. 8, 2016); *Bradley v. City of New York*, No. 14-CV-4289, 2016 WL 1491017, at *2 (E.D.N.Y. Mar. 16, 2016), *report & recommendation adopted*, 2016 WL 1541439 (E.D.N.Y. Apr. 14, 2016).

Plaintiff's claims under § 1983 against these defendants arise from their litigation activities while representing the City of New York in Plaintiff's state-court civil actions. Accordingly, the Court dismisses Plaintiff's claims under § 1983 for damages against these defendants under the doctrine of government-attorney immunity. *See* § 1915(e)(2)(B)(iii).

**D.     The Administrative Judges**

The Court must further dismiss Plaintiff's claims against the Administrative Judges as prohibited by the Anti-Injunction Act, 28 U.S.C. § 2283. This Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. 2283. Thus, "any injunction against state court proceedings otherwise proper . . . must be based on one of the specific statutory exceptions [in the Act] if it is to be upheld." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970). State-court proceedings "should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately" the Supreme Court of the United States. *Id.* This Act "is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act." *Vendo Co. v. Lektro-Vend. Corp.*, 433 U.S. 623, 630 (1977).

Plaintiff requests that this Court enjoin the Administrative Judges, but he does not specify what he wants this Court to enjoin them from doing. He also asks this Court to order state-court

judges "to stop letting City lawyers get away with court order violations" in his pending state-court litigation, and to order state-court judges to impose sanctions for such violations. (ECF 2, at 8-9.) He further requests that this Court order state-court judges "to enforce their ow[n] rules." (*Id.* at 9.) The Court therefore understands Plaintiff's claims against the Administrative Judges as requests for this Court to order the Administrative Judges to intervene in Plaintiff's pending state-court litigation. But Plaintiff has alleged nothing to suggest that one of the exceptions to the Act's prohibition against federal-court intervention into a state-court proceeding applies and allows that relief. The Court therefore dismisses Plaintiff's claims against the Administrative Judges as prohibited by the Anti-Injunction Act.[6]

## E.   Office of the Corporation Counsel & the City of New York

The Court must dismiss Plaintiff's claims against the Office of Corporation Counsel, because an agency of the City of New York, like that office, is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The

---

[6] To the extent that Plaintiff asserts these claims in an effort to have this Court overturn a final state-court judgment that was issued before Plaintiff filed his complaint in this Court on April 30, 2020, this Court lacks subject-matter jurisdiction to do so under the *Rooker-Feldman* doctrine. *See* Fed. R. Civ. P. 12(h)(3); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 291 (2005) ("The *Rooker-Feldman* doctrine . . . is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments . . . . [This doctrine] precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority . . . .").

Court therefore dismisses Plaintiff's claims against the Office of Corporation Counsel for failure to state a claim on which relief may be granted. *See* § 1915(e)(B)(ii).

The Court must also dismiss Plaintiff claims under § 1983 against the City of New York. When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim against a municipality under § 1983, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff has alleged no facts showing that a policy, custom, or practice of the City of New York caused a violation of his federal constitutional rights. The Court therefore dismisses Plaintiff's claims under § 1983 against the City of New York for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

**F.    Claims of conspiracy**

The Court must dismiss Plaintiff's claims of conspiracy against the under 42 U.S.C. §§ 1983 and 1985(3). To state a claim of conspiracy under § 1983, a plaintiff must show "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that

goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). To state a claim

of conspiracy under § 1985(3), a plaintiff must show that there exists: (1) a conspiracy; (2) for

the purpose of depriving the plaintiff of the equal protection of the laws, or the equal privileges

or immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury

to the plaintiff's person or property, or a deprivation of her right or privilege as a citizen of the

United States. *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). "[T]he [§ 1985(3)] conspiracy

must also be motivated by some racial or perhaps otherwise class-based, invidious

discriminatory animus behind the conspirators' action." *Id*. (internal quotation marks and citation

omitted). Vague and unsupported assertions of a claim of conspiracy, either under § 1983 or

§ 1985(3), will not suffice. *See, e.g., Wang v. Miller*, 356 F. App'x 516, 517 (2d Cir. 2009)

(summary order); *Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003); *Boddie v. Schnieder*, 105

F.3d 857, 862 (2d Cir. 1997); *Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir. 1990).

Plaintiff's allegations about a conspiracy between the defendants are vague and without

detail; Plaintiff is merely expressing his dissatisfaction with his state-court litigation setbacks and

his lack of success in his state-court civil actions. Thus, Plaintiff's allegations do not state a

claim of conspiracy under either § 1983 or § 1985(3). *See Clissuras v. EEOC*, No. 89-CV-5869,

1990 WL 96754, at *9 (S.D.N.Y. July 5, 1990) (holding that the New York State Attorney

General's and the New York City Corporation Counsel's civil-litigation activities could not be

the basis for claims under § 1983 or § 1985(3)). The Court therefore dismisses Plaintiff's claims

of conspiracy under § 1983 and § 1985(3) for failure to state a claim on which relief may be

granted. *See* § 1915(e)(2)(B)(ii).

## G.   Claims under state law

A district court may decline to exercise supplemental jurisdiction over claims under state

law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C.

§ 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction . . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any claims under state law Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## H.     Leave to amend

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in the amended complaint cannot be cured with further amendment, the Court declines to grant Plaintiffs leave to amend.

## CONCLUSION

Chambers will mail a copy of this order to Plaintiff. The Court dismisses this action.

The Court dismisses Plaintiff's claims under federal law as frivolous, for failure to state a claim on which relief may be granted, for seeking monetary relief from defendants who are immune from such relief, and under the Anti-Injunction Act. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii), (iii), 2283.

The Court declines to consider Plaintiff's claims under state law. *See* 28 U.S.C.

§ 1367(c)(3).

SO ORDERED.

Dated:    June 1, 2020
          New York, New York

                                              _Louis L. Stanton_
                                              Louis L. Stanton
                                              U.S.D.J.